[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10163
_____

D.C. Docket No. 0:16-cv-62137-WPD

WARREN ROLLINS,

Plaintiff-Appellee,

versus

ALFRED STABILE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 15, 2019)

Before WILSON, JILL PRYOR, and THAPAR,[*] Circuit Judges

_____

[*] The Honorable Amul R. Thapar, United States Circuit Judge for the Sixth Circuit, sitting by designation.

PER CURIAM:

Warren Rollins brought a federal false imprisonment claim against Officer Alfred Stabile.  The district court denied Officer Stabile immunity from that claim.  We affirm.

Rollins first contends that the parties' factual dispute precludes appellate review.  *See Moniz v. City of Fort Lauderdale*, 145 F.3d 1278, 1280 (11th Cir. 1998).  But since Stabile argues that he should have received qualified immunity even under Rollins's version of the facts, we have jurisdiction.  *Id.* at 1281.  Thus, we review Stabile's claim using Rollins's version of the facts unless those facts are "blatantly contradicted by the record."  *Singletary v. Vargas*, 804 F.3d 1174, 1180, 1183 (11th Cir. 2015).

Rollins tells the following story:  He arrived at M.B. Grocers with his window rolled down and music turned up "midway."  Officers Alfred Stabile and Perry Beckford were there on another matter.  When they told him to turn the music down, he complied.  Nonetheless, the officers confronted him.  Officer Beckford shouted at him, "Do we have a f---ing problem?"  Officer Stabile demanded that Rollins get out of his car.  Rollins complied but started yelling in the hope that others would observe what was transpiring.  Stabile then grabbed Rollins by the neck, choking him for five to six seconds before slamming him onto the pavement and temporarily handcuffing him.

2

Stabile claims that he should have received qualified immunity because he had either probable cause or arguable probable cause to detain Rollins.  But Rollins did nothing wrong under his version of the facts.  Although Officer Stabile claimed to smell alcohol or marijuana, Rollins denies that there was an odor.  The officers' subsequent investigation—including a drug test—turned up no contrary evidence.  And Rollins claims that he did not obstruct the investigation because he immediately complied when asked to turn the music down.  Even if he did not turn it down, under Florida law someone cannot obstruct an investigation without some physical act—and Rollins did not do any physically-obstructive act under his version of the facts (or any set of facts in the record).  *See Davis v. Williams*, 451 F.3d 759, 765 (11th Cir. 2006).  Accordingly, under Rollins's version of the facts, Stabile did not have either probable cause or arguable probable cause to detain Rollins.  Therefore, the district court was to correct to conclude that Stabile is not entitled to qualified immunity.

**AFFIRMED.**